826 F.2d 1063
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas D. JONES, Petitioner-Appellant,
v.
Arthur TATE, Jr., Supt., Respondent-Appellee.
 No. 86-3818
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1987.
 
 ORDER
 Before ENGEL, KRUPANSKY and NELSON, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner, an inmate of the Chillicothe, Ohio Correctional Institute, filed a petition for writ of habeas corpus under 28 U.S.C. Sec. 2254 on the ground that certain identification evidence was unreliable and improperly admitted at trial, thus denying petitioner his due process rights. This issue was exhausted in the state courts. Prior to petitioner's trial, an evidentiary hearing was held on petitioner's motion to suppress the identification evidence, but the court denied the motion on the ground that there was not a substantial likelihood of misidentification. Petitioner was subsequently convicted of aggravated arson by a jury in the Common Pleas Court of Montgomery County, Ohio, and he received a sentence of six to twenty-five years.
 
 
 3
 Upon the filing of the petition, the matter was referred to a magistrate with the consent of the parties and with direct appeal to this court. The magistrate denied the habeas petition, and this court granted petitioner's application for a certificate of probable cause.
 
 
 4
 In regard to the issue of the reliability of the identification evidence admitted at trial, upon review, we hereby affirm on the grounds set forth in the magistrate's opinion. As for petitioner's claim that the district court erred in failing to hold an evidentiary hearing on his petition, we hold that the district court did not so err. First, a review of the record indicates that both parties agreed not to have an evidentiary hearing. Furthermore, under 28 U.S.C. Sec. 2254(d), the district court has discretion in deciding to hold an evidentiary hearing. In this case the district court did not abuse its discretion because the petitioner received a full and fair hearing on the identification issue in the state court. See Townsend v. Sain, 372 U.S. 293 (1963).
 
 
 5
 For these reasons, we affirm the order of the district court. Rule 9(b)(5), Rules of the Sixth Circuit.